Clarisse C. Petersen (SBN 260806)
Clarisse.Petersen@jacksonlewis.com
Mossamat N. Karim (SBN 329711)
Mossamat.Karim@jacksonlewis.com
**JACKSON LEWIS P.C.**
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Phone: (949) 885-1360/Fax: (949) 885-1380

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL MOSQUEDA, an individual

Plaintiff,

vs.

OLD DOMINION FREIGHT LINE, INC.; and DOES 1 through 50, inclusive,

Defendants.

**Case No.:** 5:24-cv-927

**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL**

Date Action Filed: February 26, 2024
Complaint Served: April 2 2024
Removal Date: May 2, 2024
Trial Date: None Set

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF MICHAEL MOSQUEDA, AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** pursuant to 28 U.S.C. sections 1332 and 1441, Defendant OLD DOMINION FREIGHT LINE, INC. ("Defendant") removes this action from the Superior Court of California, County of San Bernardino, to this Court on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332(a) and 1441(a) and (b).

///

///

1. On February 26, 2024, Plaintiff MICHAEL MASQUEDA ("Plaintiff") filed a civil complaint against Defendant OLD DOMINION FREIGHT LINE, INC. ("Defendant") in the Superior Court of the State of California for the County of San Bernardino ("San Bernardino Superior Court"), entitled *Michael Mosqueda v. Old Dominion Freight Line, Inc.*, Case No.: CIVSB2406702. In the action, Plaintiff asserts the following claims against Defendant: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Provide Reasonable Accommodation in Violation of FEHA; (3) Failure to Engage in Good Faith Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA under 12940(m)(2); (5) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (6) Retaliation for Requesting/Taking California Family Rights Act Leave in Violation of Gov. Code Section 12945.2; and (7) Wrongful Termination in Violation of Public Policy. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** to the Declaration of Clarisse C. Petersen.[1]

2. Plaintiff served the Summons and Complaint and related court documents on Defendant on April 2, 2024 through Defendant's registered agent. True and correct copies of the Summons, Complaint, and all other court documents received by Defendant to date are attached as **Exhibit A**.

3. Defendant filed an Answer in response to Plaintiff's Complaint in the San Bernardino Superior Court on April 30, 2024. A true and correct conformed copy of Defendant's Answer to Plaintiff's Complaint is included in **Exhibit A**.

4. The citizenship of fictitious defendants in the action is disregarded for the purposes of this Removal. 28 U.S.C. §§ 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded.")

///

[1] Unless otherwise stated, all references to Exhibits made in this Notice of Removal shall refer to Exhibits to the Declaration of Clarisse C. Petersen filed concurrently herewith.

## STATEMENT OF JURISDICTION

5. The District Court has diversity jurisdiction under 28 U.S.C. § 1332(a) where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As set forth below, both requirements are satisfied here. Therefore, this Court has subject matter jurisdiction over this case.

## TIMELINESS OF REMOVAL

6. This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Summons and Complaint on April 2, 2024. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service...").

## VENUE

7. This action was filed in the San Bernardino Superior Court. Pursuant to 28 U.S.C. § 1441(a), Defendant is removing this action to the United States District Court for the Central District of California as the district "embracing the place where [the] action is pending."

8. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of the court in which the action arose and where Plaintiff resides. **Exhibit A**, Complaint, ¶ 2; Declaration of Laura Williams ("Williams Decl.") ¶ 4.

## REMOVAL BASED ON DIVERSITY JURISDICTION

9. The Court properly exercises diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. 28 U.S.C. § 1332(a).

10. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). Complete diversity is satisfied when none of the plaintiffs are

from the same state as any of the defendants. Diversity is not destroyed if defendants are citizens of the same state.

11. Citizenship of the parties in this matter is determined by their citizenship status at the time of the lawsuit's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

12. According to Plaintiff's driver's license provided to Defendant during his employ, Plaintiff is, and was at all relevant times to this action, an individual residing in California. Further, the Complaint alleges that "[a]t all times relevant herein, Plaintiff was a resident of the County of Riverside, California." **Exhibit A**, Complaint, ¶ 12. Thus, Plaintiff is a citizen of the State of California. Williams Decl., ¶ 5.

13. For purposes of diversity jurisdiction, corporations' citizenship for diversity purposes is determined by both their states of incorporation and the states in which they have their principal places of business. 28 U.S.C. § 1332(c)(1).

14. The "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

15. Old Dominion Freight Line, Inc. is, and was at the time this action commenced, a corporation formed under and by the virtue of the laws of the State of Virginia with its corporate headquarters and principal place of business in the State of North Carolina. **Exhibit B**; Williams Decl., ¶ 4.

16. Accordingly, Defendant is a citizen of the states of Virginia and North Carolina, and not a citizen of California.

17. Defendant is not a state, state official, or any other governmental entity. Williams Decl., ¶ 7.

18. The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. §§ 1441(b)(1) and 1447(e); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Doe v. Ermc Aviation LLC*, No. 2:23-cv-02612-SB-MAR, 2023 U.S. Dist. LEXIS 85670, at *2 (C.D. Cal. May 16, 2023) (the court denied plaintiff's motion to remand and rejected plaintiff's argument that the unnamed doe defendant was described with sufficient particularity in his complaint); *Garcia v. Walmart, Inc.*, No. 2:22-cv-00371-SVW-MRW, 2022 U.S. Dist. LEXIS 47239, at *3 (C.D. Cal. Mar. 16, 2022) (finding the allegation of complaint that "Doe 1 Manager" and "Doe 2 Employee" are California residents does not destroy diversity of citizenship); *Valdez v. Home Depot U.S.A., Inc.*, No. 22-cv-01491-DMR, 2022 U.S. Dist. LEXIS 154180, at *8 (N.D. Cal. Aug. 25, 2022) ("28 U.S.C. § 1447(b)(1) obligates courts to disregard Doe defendant's citizenship at the time of removal. Congress enacted this provision in part to forestall gamesmanship to circumvent removal jurisdiction by naming fictitious defendants whom plaintiffs never intend to identify.")

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19. This action also meets the amount in controversy requirement. Section 1332(a) of the United States Code authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

20. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights

being litigated”). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

21. In measuring the amount in controversy, the Court must assume that the allegations in the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001. The ultimate inquiry is the amount that is put “in controversy” by Plaintiff’s Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.* (S.D. Cal. 2005) 408 F.Supp.2d 982, 986, citing *Scherer v. Equitable Life Assurance Soc’y of the U.S.* (2nd Cir. 2003) 347 F.3d 394, 399 (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff’s complaint). The amount in controversy includes the “amount of damages in dispute, as well as attorney’s fees,” and the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.

22. The amount in controversy may include general and special compensatory damages and attorneys’ fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (claims for statutory attorneys’ fees must be included in the amount in controversy regardless of whether such an award is discretionary or mandatory); *Goldberg v. CPC Int’l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney’s fees may be taken into account to determine jurisdictional amount). Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acci. Asso.*, 325 F.2d 785, 787 (9th Cir. 1963). As instructed by the Ninth Circuit, “the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of

removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018); *see e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.

23. Defendant expressly denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, ***for purposes of this removal only***, and without conceding that Plaintiff is entitled to any damages or penalties, and assuming for the sake of argument the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.

24. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As these pleadings show, the amount in controversy here is at least $75,000.

**A. <u>Lost Wages</u>**

25. Plaintiff seeks to recover lost wages. **Exhibit A**, Complaint, ¶¶ 33, 48, 64, 80, 90, 101, 112, and Prayer for Relief. The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000). Plaintiff was employed by Defendant as a full-time employee from November 21, 2014 to June 22, 2022. **Exhibit A**, Complaint, ¶¶ 16, 23; Williams Decl., ¶ 6. At the time of his termination, Plaintiff was paid an hourly rate of $29 and worked an average of approximately 38 hours per week, for a total of approximately $1,102 per week. Williams Decl., ¶ 6. Based on Plaintiff's weekly earnings

of $1,102 per week, his lost earnings from the end of his employment on June 22, 2022 to present equals **$106,894** ($1,102 per week x 97 weeks).

26. When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate for purposes of removal. *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases."); *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020) (same). One year from the May 1, 2024 removal date in this case is May 1, 2025. Thus, the amount of past and future lost earnings Plaintiff has put in controversy, *i.e.*, total lost earnings between Plaintiff's termination date of June 22, 2022 and a conservative estimated trial date of May 1, 2025 is at least **$164,198** ($1,102 per week x 149 weeks).

**B. <u>Emotional Distress Damages</u>**

27. Plaintiff also seeks special damages and damages associated with "emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish." **Exhibit A**, Complaint, ¶¶ 24, 34, 49, 65, 81, 91, 102, 113, Prayer for Relief. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the Complaint. Importantly, "a defendant does not need to show that cases are factually similar [but rather] only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action." *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, at *9 (E.D. Cal. June 20, 2016) (emphasis added); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.

28. Defendant vigorously denies Plaintiff's allegations. However, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000

jurisdictional minimum. *See e.g., Kimberly Landis v. Pinkertons, Inc.,* 122 Cal.App.4th 985, 988 (2004) (**$275,000** emotional distress damages awarded in wrongful termination case.

**C. Punitive Damages**

29. Plaintiff further alleges Defendant's conduct was "malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendant and [its] agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct . . . . Consequently, Plaintiff is entitled to punitive damages against Defendant." **Exhibit A**, Complaint ¶¶ 35, 50, 66, 82, 92, 103, 114, Prayer for Relief. Although Defendant vigorously denies Plaintiff's allegations, and certainly denies that an award of punitive damages would be appropriate, Plaintiff's request for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011).

**D. Attorneys' Fees**

30. Plaintiff also seeks attorneys' fees pursuant to California Code of Civil Procedure section 12965(c)(6). **Exhibit A**, Complaint ¶¶ 35, 51, 67, 83, 93, 104, Prayer for Relief. It is appropriate to consider post-removal attorneys' fees in calculating the amount in controversy. *See Chavez*, 88 F.3d at 417; *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018).

31. Here, Defendant's counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. Defendant's attorney, Clarisse C. Petersen, has represented employers in employment litigation for over 15 years in California and is familiar with fees awarded to plaintiffs' attorneys in similar actions filed in California and federal court. Based on Ms. Petersen's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. (Petersen Decl., ¶¶ 7, 8.)

32. Accordingly, Plaintiff's demand for lost wage damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" easily exceeds the $75,000 jurisdictional threshold. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

33. For this reason, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**NOTICE TO ALL PARTIES AND STATE COURT**

34. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Bernardino Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

WHEREFORE, based on the foregoing, Defendant removes the above-entitled action now pending in the San Bernardino Superior Court to this Court.

DATED: May 2, 2024

JACKSON LEWIS P.C.

By: ______________________________

Clarisse C. Petersen
Mossamat N. Karim

Attorneys for Defendant
OLD DOMINION FREIGHT LINE, INC.

# PROOF OF SERVICE

***Michael Mosqueda v. Old Dominion Freight Line, Inc., et al***

**USDC Case No:** 5:24-cv-927

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On **May 2, 2024**, I served the foregoing document(s) described as: **DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL** in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael J. Jaurigue, Esq.<br>S. Sean Shahabi, Esq.<br>Osmundo Arguello, Esq.<br>JAURIGUE LAW GROUP<br>300 West Glenoaks Blvd., Suite 300<br>Glendale, California 91202 | Attorneys for Plaintiff<br>***MICHAEL MOSQUEDA***<br><br>Telephone: (818) 630-7280<br>Facsimile: (888) 879-1697<br>Email: service@jlglawyers.com<br>michael@jlglawyers.com<br>sean@jlglawyers.com |

☒ **BY MAIL -** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY EMAIL SERVICE:** Based on a court order or an agreement of the parties to accept service by e mail or electronic transmission, pursuant to Cal. Rule of Court 2060 and 2.251 and Cal. Code Civ. Proc. § 1010.6; and COVID-19 Emergency Rule 12, I caused a true copy of the foregoing document(s) to be served by electronic email transmission to e mail address(es) indicated herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. My e-mail address is gabriela.rubio@JacksonLewis.com.

☒ **FEDERAL -** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **May 2, 2024** at Irvine, California.

Gabriela Rubio By: *Gabriela Rubio*

Print Name Signature

4892-7896-3386, v. 3